# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Forte Mechanical, Inc. | Chapter 7<br>Case No.: 10-49117 |
| Forte Mechanical, Inc.,<br><br>    Debtor. | Adv. No.:_____ |
| Magney Construction, Inc.,<br><br>    Plaintiff,<br><br>Forte Mechanical, Inc.<br><br>    Defendant. | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND DENY DISCHARGE

Plaintiff Magney Construction, Inc., for its Complaint to determine dischargeability of debt and deny discharge, states as follows:

I.

Plaintiff, Magney Construction, Inc. ("Magney") is a corporation organized and existing under the laws of the State of Minnesota, and its address is 1401 Park Road, Chanhassen, Minnesota 55317.

II.

Defendant, Forte Mechanical, Inc. ("Forte") is a corporation organized and existing under the laws of the State of Minnesota, and its address is 8811 East Research Center Road, New Hope, Minnesota 55428.

III.

On December 10, 2010, Forte filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code.

IV.

This is a Complaint to determine the dischargeability of debt.

V.

This is a core proceeding as provided under 28 U.S.C. § 157(b)(2)(A), (I) and (J), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1576 and 1334, and various provisions of the Local Rules of the United States Bankruptcy Court for the District of Minnesota.

## COUNT ONE
## DISCHARBEABILITY OF DEBT

VI.

Magney and Forte entered into a subcontractor agreement (the "Subcontract") whereby Forte agreed to furnish all labor, material, skill and equipment necessary or required to perform all of the heating, ventilation, and air conditioning ("HVAC") work necessary to complete the Owatonna Wastewater Treatment Facility (the "Project") according to the Project's plans. The total value of the Subcontract was Three Hundred Thirty Four Thousand Three Hundred Fifty Dollars and no/100 ($334,350.00).

VII.

The Subcontract required Forte to pay for all materials, skill, labor and equipment used in connection with the performance of the HVAC work on the Project when, and as, the bills or claims became due.

VIII.

The Subcontract also required Forte to save, protect, and hold the owner and Magney harmless from all bond claims and/or mechanics' liens on account of Forte's failure to pay its subcontractors.

IX.

The Subcontract further required Forte to use any payments it received from Magney to pay the persons who actually furnished materials, skills, labor and equipment to the Project.

X.

Forte ordered materials and supplies from various entities, including, but not limited to L.E. Ribar Company, Approved Equal Company, and Midwest Mechanical, Inc. in order to complete the Project.

XI.

Forte created and submitted pay applications to Magney that itemized the cost for labor and materials indicating that the requested payment would be used to pay for the materials,

including those supplied by L.E. Ribar Company, Approved Equal Company, and Midwest Mechanical, Inc.

XII.

Forte assured Magney that certain suppliers would be taken care of.

XIII.

Magney relied on the pay applications and paid Forte for the materials supplied by L.E. Ribar Company, Approved Equal Company, and Midwest Mechanical, Inc. In total, Magney paid Forte a total of Two Hundred Ninety Five Thousand Six Hundred Sixty Eight Dollars and 50/100 ($295,668.50).

XIV.

Forte failed to use the funds it received from Magney to pay L.E. Ribar Company, Approved Equal Company, and Midwest Mechanical, Inc. for the materials and supplies that Forte ordered to complete the projects.

XV.

In response to payment bond claims or threatened payment bond claims, Magney paid $61,258.32 to L.E. Ribar Company and $15,497.50 to Approved Equal Company for the debts incurred by Forte, even though Magney had paid Forte for the work or materials supplied by L.E. Ribar Company and Approved Equal Company. Magney also paid $2,157.25 for other back-charge items that were the responsibility of Forte. Midwest Mechanical, Inc. claims that it is owed $49,730.73 for debts incurred by Forte.

XVI.

In October of 2010, Magney commenced an action in Hennepin County District Court, in the State of Minnesota, Court File No. 27-CV-10-27758, seeking judgment to recover the amounts Magney paid to L.E. Ribar Company, Approved Equal Company, and the additional back-charges, and indemnification for any costs or expenses incurred due to Midwest Mechanical, Inc.'s claims (the "Magney State Court Action").

## XVII.

On January 31, 2011, Midwest Mechanical Inc. initiated an action in the Hennepin County District Court, in the State of Minnesota, Court File No. _____ seeking to recover the amount it claims is owed for work it performed on the Project pursuant to subcontracts with Forte (the "Midwest Mechanical, Inc. State Court Action"). Magney is defending the Midwest Mechanical, Inc. State Court Action on behalf of Fidelity and Deposit Company of Maryland.

## XVIII.

Forte failed to answer or respond to the Summons and Complaint in the Magney State Court Action and is in Default. As such, Magney is entitled to a Default Judgment against Forte in the Magney State Court Action.

## XIX.

The representations and statements made to Magney at the time Forte submitted its pay applications were false, and Forte knew they were false and Forte made the representations with the intent to deceive. As a result, the indebtedness owing to Magney is non-dischargeable as to Forte pursuant to 11 U.S.C. § 523(a)(2)(A), (B).

## XX.

Pursuant to the terms of the Subcontract and Minnesota Statutes Section 514.02, Forte had a fiduciary duty to Magney and Forte's material suppliers to hold any payments it received in trust for the benefit of all persons actually furnishing materials, skills, labor and equipment and required Forte to use any such funds to pay all such persons.

## XXI.

Forte breached its fiduciary duty to Magney and such indebtedness is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Magney Construction, Inc. requests judgment against Forte Mechanical, Inc. as follows:

1.  For a determination that the obligation owing to Magney Construction, Inc. by virtue of Forte Mechanical Inc.'s default in the State Court Action, represents a debt non-

dischargeable under 11 U.S.C. § 523(a)(2)(A), (B) and 11 U.S.C. § 523(a)(4), in the pending Chapter 7 Bankruptcy proceeding or any subsequent proceeding filed by Forte Mechanical, Inc.

2. For such other and further relief as the Court deems just an equitable.

Dated this 4th day of March, 2011.

HAMMARGREN & MEYER P.A.

By: _____
Paul T. Meyer (#177064)
Paul S. Almen (#03388844)
3500 American Blvd. W, Suite 450
Bloomington, MN 55431
Tel: 952/844-9033

**ATTORNEYS FOR PLAINTIFF**