MN - 204
(Rev'd 9/09)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Forte Mechanical, Inc.**,  BKY No. **10-49117-NCD**

Debtor.  Chapter 7

**NOTICE OF SETTLEMENT**

To:  The United States Trustee, all creditors and other parties in interest.

**NOTICE.**  On April 4, 2011, or as soon thereafter as the transaction may be completed, and subject to objection under applicable rules, the undersigned trustee of the estate of the debtor named above will settle a controversy as follows:

Settlement with Citizens Independent Bank (the "Bank"), with respect to the allocation of the proceeds of the collection of the debtor's accounts receivable, including (a) as to receivables collected thus far by the trustee in the amount of $55,652:  by the trustee's turn over to the Bank in the amount of $44,522, subject to no further claim by the estate, and by the trustee retaining the remaining $11,130 of the receivables collected thus far, subject to no further lien or secured claim by the Bank; and, (b) as to the remaining receivables:  the funds recovered from those outstanding receivables, net of the attorneys' fees and expenses, will be divided by the trustee and the Bank in equal amounts, with the one-half allocable to the trustee on behalf of the estate being retained by the estate not subject to any further lien or secured claim by the Bank, and the one-half allocable to the Bank being remitted to the Bank via payment to its counsel as soon as practical, not subject to any claim by the trustee on behalf of the estate.  Upon court approval of this settlement, the trustee abandons any interest of the estate in the afore-said $44,522 paid over to the Bank.  Counsel retained by the trustee to pursue collection of the receivables, pursuant to an application filed and order entered in the case, will be entitled to a contingency fee of one-third plus reimbursement of necessary and reasonable expenses.  In the event the loan balance due to the Bank is satisfied, whether by collection of its portion of the accounts receivable or by proceeds from any other collateral or by any other payment or reduction on the loan balance realized by the Bank, all remaining collections from the accounts receivable will be retained by the trustee not subject to any further lien or secured claim by the Bank.  The foregoing is set forth in more detail in the Settlement Agreement by and between the parties which shall govern the settlement, a copy of which is available upon request to the trustee.  The Bank holds a perfected security interest in collateral described in its filed UCC-1, including the debtor's pre-petition accounts receivable, to secure an outstanding obligation in the amount of approximately $90,750.  The Schedules filed by the debtor list receivables of approximately $381,468 in amounts beyond the amount collected thus far.  Although amounts collected thus far are exceeded by the lien, the Bank desires the continued involvement of the estate in the collection and liquidation of the collateral and has agreed to this "carve-out" for the estate.  Since the estate is retaining funds the Bank could otherwise claim, the trustee believes this settlement to be in the best interests of the estate.

**OBJECTION:  MOTION:  HEARING**.  Under applicable rules, any objection must be in writing, be served on the undersigned trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the date set for the settlement.  If an objection is timely served and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing.  The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the United States Trustee.  If an objection is made or an order is required, the undersigned trustee moves the court for such orders as may be necessary or appropriate.

| U.S. Bankruptcy Court | U.S. Trustee | Julia A. Christians, Trustee |
| 301 U.S. Courthouse | 1015 U.S. Courthouse | One Financial Plaza, Suite 2500 |
| 300 South Fourth Street | 300 South Fourth Street | 120 South Sixth Street |
| Minneapolis, MN 55415 | Minneapolis, MN 55415 | Minneapolis, MN 55402 |

Dated:  March 8, 2011  /e/ Julia A. Christians
Julia A. Christians, Trustee
One Financial Plaza, Suite 2500
120 South Sixth Street
Minneapolis, MN  55402
(612) 338-5815